UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARUNASREE SWAPNA,<br><br>Plaintiff,<br><br>v.<br><br>UDAY KRISHNA DESHRAJ,<br><br>Defendant. | Case No.16-cv-05482-JSC<br><br>**PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW**<br><br>Re: Dkt. No. 27 |

Now pending before the Court is the motion for Plaintiff's Counsel Kronenberger Rosenfeld to withdraw as counsel for Plaintiff Arunasree Swapna. (Dkt. No. 27.) Ms. Swapna has not responded to the motion despite an order directing her to do so and Defendant has filed a statement of non-opposition to the motion. (Dkt. Nos. 30 & 31.) After carefully considering Plaintiff's counsel's motion, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7–1(b), and GRANTS the motion as set forth below.

**LEGAL STANDARD**

Under the Court's Civil Local Rules, "[c]ounsel may not withdraw from an action until relieved by order of the Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11–5(a); *Dist. Council No. 16 No. Cal. Health & Welfare Trust Fund v. Lambard Enters., Inc*., No. C 09–05189 SBA, 2010 WL 3339446, at *1 (N.D. Cal. Aug. 24, 2010) (citations omitted). The Local Rule further provides that "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to proceed pro se, leave to withdraw

1  may be subject to the condition that papers may continue to be served on counsel for forwarding

2  purposes, unless and until the client appears by other counsel or pro se." Civ. L.R. 11–5(b).

3      The decision to permit withdrawal of counsel is within the trial court's discretion. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009) When considering motions to withdraw, "the consent of the client is not dispositive." *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010). Rather, courts consider (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case. *See Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010). "Ultimately, a ruling on a motion to withdraw must involve a balancing of the equities." *Robinson*, 2010 WL 3259384, at *2 (internal citation and quotation marks omitted).

    In this District, courts also consider the standards of professional conduct required of members of the State Bar of California when determining whether counsel may withdraw representation. *See, e.g.*, *U.A. Local 342 Joint Labor–Mgmt. Comm. v. So. City Refrigeration, Inc.*, No. 09–3219, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010); *Cal. Native Plant Soc'y v. U.S. EPA*, No. 06–3604, 2008 WL 4911162, at *1 (N.D. Cal. Nov. 14, 2008). Under California Rule of Professional Conduct 3–700(C)(1)(d), an attorney may request permission to withdraw on the basis of "conduct [that] renders it unreasonably difficult for the [attorney] to carry out the employment effectively." Cal. Rule of Prof. Conduct 3–700(C)(1)(d).

**DISCUSSION**

    Plaintiff's counsel seeks to withdraw because he maintains that fundamental differences have arisen between counsel and Plaintiff such that continued representation is unreasonably difficult. In particular, counsel cites the following difficulties: (1) Plaintiff has disregarded Kronenberger Rosenfeld's case strategies and advice; (2) Plaintiff has assessed the strength of her case far differently than has Kronenberger Rosenfeld and adopted expectations on the timing and scope of resolving the case that differ from Kronenberger Rosenfeld's expectations; (3) Plaintiff has asked Kronenberger Rosenfeld to pursue discovery and claims that are not justified by law;

2

|     |     |
| --- | --- |
| 1   | and (4) Plaintiff has resisted fulfilling her obligations as a litigant before this Court. (Dkt. No. 28 |
| 2   | at 3:8-17.) |

3   In support of the motion to withdraw counsel has submitted two declarations from
4   Plaintiff's counsel Jeffrey Rosenfeld, one of which attaches emails between counsel and Plaintiff.
5   (Dkt. No. 28-1.) Because these emails reflect confidential attorney client communications, the
6   motion is accompanied by a request to file portions of the motion, the first declaration of Jeffrey
7   Rosenfeld, and the exhibits thereto under seal. (Dkt. No. 28.) The unopposed motion to seal is
8   GRANTED as these matters are properly sealable. *See* Civil L.R. 79-5(b). These communications
9   reflect pervasive ongoing difficulties in the attorney-client relationship. (Dkt. No. 28-28,
10  Rosenfeld Decl. at ¶¶ 2-16; Dkt. Nos. 28-4 – 28-20 (email communications between counsel and
11  Plaintiff.) Plaintiff was served with a copy of the motion to withdraw and the Court directed to
12  her to file a response, but she has not done so. (Dkt. No. 27-1 at ¶ 6; Dkt. No. 33.) Further, in the
13  last few months Plaintiff has "become unreceptive to any communications from Kronenberger
14  Rosenfeld, whether those communications reflect litigation strategies or Ms. Swapna's obligations
15  to the Court, counsel, and Defendant." (Dkt. No. 27 at 3:19-22; Dkt. No. 27-1, Rosenfeld Decl. at
16  ¶ 16.; Dkt No. 32-1, Reply Rosenfeld Decl. at ¶¶ 2-3.)

17  Plaintiff's failure to maintain regular contact with her counsel and refusal to assist counsel
18  in fulfilling her discovery obligations and cooperate in moving the litigation forward constitutes
19  good cause for withdrawal. The lack of a cooperative relationship between an attorney and his
20  client may justify the attorney's withdrawal. *See, e.g.*, *U.A. Local 342*, 2010 WL 1293522, at *3;
21  *McClintic v. U.S. Postal Serv.*, No. 13–cv00439, 2014 WL 51151, at *3 (E.D. Cal. Jan. 7, 2014)
22  (collecting cases in which a client's failure to cooperate or communicate effectively with counsel
23  justified the attorney's motion to withdraw). However, "withdrawal is only proper if the client's
24  interest will not be unduly prejudiced or delayed." *McClintic*, 2014 WL 51151, at *2 (citation
25  omitted).

26  Kronenberger Rosenfeld has taken "reasonable steps to avoid reasonably foreseeable
27  prejudice to the rights of the client." *See* Cal. R. Prof. Conduct 3–700(A). Counsel first attempted
28  to resolve the dispute between counsel and Plaintiff, "[h]owever, as time continued, Ms. Swapna

3

became more entrenched in her various positions, with which [counsel] disagreed." (Dkt. No. 27-1 ¶ 16.) Once counsel determined that he could no longer represent Ms. Swapna, he offered to obtain replacement counsel for Plaintiff, but she declined. (Dkt. No. 27 at 4:8-10.) Although the communications attached to the motion reflect that Plaintiff objects to her counsel's withdrawal, having reviewed totality of communications the Court concludes that continued representation by Kronenberger Rosenfeld would indeed be unreasonably difficult and that counsel has complied with his professional responsibilities to attempt to work with Plaintiff to find replacement counsel, but Plaintiff has resisted all such efforts. *See, e.g.*, *Castro v. City of Union City*, No. 14-CV-00272-MEJ, 2016 WL 6873455, at *2 (N.D. Cal. Nov. 22, 2016) (concluding that withdrawal was appropriate where "the client relationship has deteriorated beyond repair and is no longer based on mutual trust and confidence.").

Finally, Defendant, who does not oppose the motion to withdraw, will not be prejudiced by withdrawal because trial is not until March 26, 2018. Further, Defendant's opposition suggests his willingness to stay discovery and reset the case deadlines to allow Plaintiff to obtain replacement counsel should Kronenberger Rosenfeld be permitted to withdraw. (Dkt. No. 30 at 2:20-26.) This may delay the resolution of the case, but it will allow Ms. Swapna time to find new counsel (or appear pro se). Thus, the court is convinced that withdrawal at this juncture, along with a continuation of deadlines, will not prejudice Defendant.

In sum, the Court concludes the circumstances here make it "unreasonably difficult for the [counsel] to carry out the employment effectively" such that withdrawal is appropriate. Cal. Rule of Prof. Conduct 3-700(C)(1)(d).

**CONCLUSION**

For the reasons stated above, Kronenberger Rosenfeld's Motion to Withdraw as Counsel for Plaintiff is GRANTED. (Dkt. No. 27.) Kronenberger Rosenfeld must continue to serve all papers from the Defendant and the Court on Ms. Swapna until she files a substitution of counsel or appears pro se. *See* Civil L.R. 11-5(b) ("When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on

4

counsel for forwarding purposes, unless and until the client appears by other counsel or pro se.").
Kronenberger Rosenfeld must inform Ms. Swapna of this condition. *See id*. ("When this condition is imposed, counsel must notify the party of this condition."). Kronenberger Rosenfeld shall serve this Order on Ms. Swapna and file proof of service of the same within four days.

Given counsel's withdrawal, **the Court stays the discovery deadlines and advances the Case Management Conference to July 27, 2017 at 1:30 p.m. in Courtroom F, 450 Golden Gate Ave., San Francisco, California.** Ms. Swapna may contact the Courtroom Deputy at 415.522.2015 to make arrangements to appear telephonically at the Case Management Conference. **Ms. Swapna must file a statement evidencing her intent to either appear pro se or obtain substitution of counsel by July 21, 2017.**

As Ms. Swapna is now proceeding pro se, the Court directs her attention to the Handbook for Litigants Without a Lawyer, which is available free of charge in the Clerk's Office or online at http://cand.uscourts.gov/prosehandbk. Ms. Swapna may also wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. At the Legal Help Center, she will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf.

This Order disposes of Docket Nos. 27 & 28.

**IT IS SO ORDERED.**

Dated: July 11, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge