1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7  ARUNASREE SWAPNA,                          Case No.16-cv-05482-JSC

8          Plaintiff,

9      v.                                     **ORDER RE: PLAINTIFF'S
                                              EMERGENCY MOTION FOR
10  UDAY KRISHNA DESHRAJ,                     APPOINTMENT OF COUNSEL**

11          Defendant.                        Re: Dkt. No. 54

12

13          The Court is in receipt of Plaintiff's emergency motion for appointment of counsel wherein

14  she seeks counsel to represent her for purposes of taking Defendant's deposition. (Dkt. No. 54.)

15  To obtain appointment of pro bono counsel, a litigant must be proceeding in forma pauperis

16  ("IFP") and lack the financial resources to retain counsel. *See Palmer v. Valdez*, 560 F.3d 965,

17  970 (9th Cir. 2009) ("a court may under 'exceptional circumstances' appoint counsel for indigent

18  civil litigants pursuant to 28 U.S.C. § 1915(e)(1)"). Plaintiff here is neither proceeding IFP nor

19  has she demonstrated that she lacks the financial resources to retain counsel. To the contrary,

20  Plaintiff previously paid the filing fee and had retained counsel until that counsel was relieved for

21  reasons unrelated to Plaintiff's ability to pay for their representation. (Dkt. Nos. 1, 33.) Further,

22  while the forma pauperis statute, 28 U.S.C. § 1915, does not define what constitutes insufficient

23  assets to constitute indigence, "a plaintiff seeking IFP status must allege poverty with some

24  particularity, definiteness and certainty." *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th

25  Cir. 2015) (internal citation and quotation marks omitted). Because Plaintiff has not alleged poverty

26  with any particularity, she is not entitled to IFP status and thus may not obtain appointment of pro

27  bono counsel. Her motion for appointment of counsel is therefore DENIED.

28          However, the Court notes that Defendant Uday Krishna Desjraj has sought leave to proceed

pro se in this action as well and his attorney has simultaneously moved to withdraw.  (Dkt. No. 55.)

This motion has been granted by separate order. (Dkt. No. 56.)  Given the nature of the allegations in

this action, the Court agrees that the parties deposing each other without the benefit of counsel could

be challenging and thus resets the previously scheduled deposition dates until after the parties' October

25, 2017 settlement conference with Magistrate Judge James.  If necessary, Plaintiff's and Defendant's

depositions will occur on October 26 and October 27, respectively, in the Court's jury room.

This Order disposes of Docket No. 54.


**IT IS SO ORDERED.**

Dated:  August 29, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge