UDAY DESHRAJ
432 NE 57th Ave
Hillsboro, OR 97124
Telephone (503)548-8329
ukdeshraj@gmail.com
Pro Se

UNITED STATES DISTRICT COURT

NORTHER DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARUNASREE SWAPNA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UDAY KRISHNA DESHRAJ, an individual,<br><br>Defendants. | Case No.: 3:16-CV-05482-JSC<br><br>**MOTION TO DISMISS AND FOR SUMMARY JUDGEMENT**<br><br>**DATE:** October 19th. 2017<br>**TIME:** 9:00 am<br>**COURTROOM:** F -15th Floor<br>**JUDGE:** The Honorable Jacqueline Scott Corley |

## I. NOTICE OF MOTION

PLEASE TAKE NOTICE that on Thursday, October 19th, 2017 at 9:00 am., or as soon thereafter as matter may be heard before the Honorable Judge Jacqueline Scott Corley in the United States District Court for the Northern District of California, Courtroom F, located on the 15th floor of the United States Courthouse, at 450 Golden Gate Avenue, San Francisco, California, Defendant Uday Deshraj will and hereby does move the court, pursuant to Rules 37(b)(2) of the Federal Rules of Civil Procedure, to dismiss this action . Defendant will further move the court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, to enter summary judgement in their favor. The grounds for this motion, as set forth in the detail below, are the plaintiffs' violations of multiple discovery orders and admission to the fact that she was not a resident of California and she has no material evidence to the fact that the defendant is any way involved in the conduct alleged in the lawsuit, pursuant to Rule 36(a)(3).

## II. ISSUES TO BE DECIDED

1. Should this Court enter an Order dismissing plaintiffs compliant in full or in part for the failure to comply with discovery orders of this court?
2. Should this Court issue a contempt order and impose sanctions for the ongoing discovery violations by the Plaintiff in this case?
3. Should this Court consider Request for Admission, Set One as admitted and pass Summary Judgment based on the facts admitted?
4. Should this Court enter an Order ordering the Plaintiff to comply with the outstanding discovery by a certain date with notification that failure to fully and completely comply with the Order shall result in dismissal of the complaint?
5. Should this Court enter an Order ordering the Plaintiff to stop sending false, harassing, incendiary and defamatory communication to the court both ex-parte and/or otherwise and stick to the due process set forth by the Court.

### III. MEMORANDUM

#### A. <u>Statement of Facts</u>

1. Plaintiff filed this complaint alleging that the defendant took her pictures while she was intoxicated and posted them online on multiple sites. The defendant denies these allegations and believes that the plaintiff filed this case without any factual basis with the intention of using the federal court system as a harassment and extortion tool

2. In this action, plaintiff has repeatedly and defiantly violated multiple discovery and ex parte communication orders of the court that has unfairly prejudiced and continues to prejudice the defendant

3. On May 22nd, 2017, the defendant through his attorneys propounded a Request for Admission, set one and Interrogatory, set two (Defendant Declaration, paragraph 5/6 and Exhibits S and T).

4. On July 27th, 2017 in the case management conference (Docket 45, Exhibit A) the court ordered the plaintiff to respond to the discovery requests listed above by August 11, 2017. The court also ordered the plaintiff to identify all the objections she has to the answers provided by the defendant to her prior discovery requests

5. In defiance of the above order she did not respond to the discovery requests by August 11, 2017. She sent a bunch of documents late evening on August 14th(Exhibit O, Defendants Declaration, paragraph 10)just before the deadline imposed by the court on the defendant to file the documents. The documents had nothing to do with the discovery requests propounded on her and not in the format imposed by Rule 33 and Rule 36

6. She also failed to identify any issues with Defendants discovery responses and came with a new set of questions. (Exhibit L, Defendants Declaration, paragraph 10)

7. Defendants attorney made multiple efforts to get cooperation from the plaintiff but each and every time it was met with baseless accusations and hatred(Exhibits F-R, Defendants Declaration, paragraph 11)

8. On August 16th the court ordered the plaintiff to file a summary of discovery requests outstanding by 10am August 17th(Docket 47, Exhibit C). The plaintiff again refused to obey the order and moreover accused the defendant of ex-parte communication(Docket 49) while at the same time sending a box of documents to the court

9. Most recently, after a lengthy telephone conference held on August 17, 2017 (Docket 51, Exhibit D) the court ordered both parties to respond to outstanding discovery requests by September 1st, 2017, as of today September 11th, 2017 the plaintiff hasn't responded to the order

10. In the same order the court warned her about the consequences for not following the rules and referred to Civ. L.R. 3-9. The court also asked her not to file random documents. She responded to that by filing a number of documents under "Exhibits" and mentioned that the her legal aid asked her to do so(Exhibit G)

11. So far in this case the plaintiff has refused to obey at least 9 court orders both related to discovery and ex-parte communication and she continues to send slanderous and defamatory emails using the Federal court system as a harassment tool

12. There is no reasonable explanation for plaintiffs past and ongoing violation of court orders with regards to discovery and ex-parte communications

### B. Argument

**Arguments in support of Dismissal and Sanctions for not following discovery orders**

1. Fed. R. Civ. P. 37(b)(2) provides:

    If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or

    31(a)(4)—fails to obey an

    order to provide or permit discovery, including an order

    under Rule 26(f), 35, or 37(a), the court where the action is

    pending may issue further just orders. They may include

    the following:

    (i) directing that the matters embraced in the order

4

or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

2. It is undisputed that this court possesses the authority to dismiss a complaint for failure to comply with a discovery order. Fed. R. Civ. P. 37(b)(2); Bass v Jostens, Inc., 71 F.3d 237; Bank one of Cleveland, N.A. v Abbe, 916 F.2d. 1067, 1073; National Hockey League v Metropolitan Hockey Club, Inc 427 U.S. 639, 642-643; 96 S.Ct. 2778; 49 L.Ed.2d 747 (1976).

3. The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future. National Hockey League, supra at 642-643

4. In assessing whether to dismiss a complaint, the court looks to four factors for guidance:

    a. Whether the party's failure is due to willfulness, bad faith, or fault
    b. Whether the adversary is prejudiced by the dismissed party's conduct
    c. Whether the dismissed party was warned that failure to cooperate would lead to dismissal

    d. Whether less drastic sanctions were imposed or considered before dismissal was ordered

    Bass, supra; Regional Refuse Systems, Inc. v Inland Reclamation Co., 842 F.2d 150, 153-155; Harmon v CSX Transportation, Inc., 110 F. 3d. 364, 366-367

5. An order of the district court dismissing an action under Rule 37(b) is reviewed under an abuse of discretion standard. National Hockey League, supra at 643

6. "If a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion". Regional Refuse Systems, Inc., supra at 154.

7. Throughout this matter, the plaintiffs repeated failure to comply with discovery orders has been and remains intentional and doesn't arise from an inability to comply. Instead, as this court is painfully aware, the plaintiff has engaged in a continuing pattern of willfully disobeying, ignoring and acting in bad faith, the end result has been and continues to prejudice defendants ability to defend and prosecute the claims in this action

8. Defendant has been "required to waste time, money and effort in pursuit of cooperation" that the plaintiff is obliged to provide under both the Federal rules and courts orders. Harmon, Inc., supra at 368.

9. Under the facts and circumstances of this case, it would not be an abuse of discretion to dismiss the action; either in whole or in part. Fed. R Civ. P. 37(b)(2); Also see, Bass, supra, affirming the dismissal of the action because of repeated failure by the plaintiff to comply with multiple court orders as in the instant matter; and National Hockey League, supra, because plaintiff exhibited "bad faith" and "callous disregard" of its responsibilities

10. Alternatively, at a minimum, this court should sanction plaintiff for the ongoing discovery abuses and enter an order compelling plaintiff to respond to the discovery requests by a certain date; with the order specifically placing the plaintiff on the notice that failure to fully and completely comply with that order shall result in plaintiffs complaint being dismissed and award defendant cost and attorney fees

6

NOTICE OF MOTION AND MOTION TO DISMISS AND FOR SUMMARY JUDGEMENT (3:15-cv-05120)

**Arguments in support of admitting the facts in Request for Admission, Set One and motion for summary judgement**

1. Fed. R. Civ. P. 36(a)(3) provides:

    A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

2. The Plaintiff has not responded to the Request for Admissions, Set one even after the court ordered her two times for the same. (case management conference (Docket 45, Exhibit A) and more recently after a lengthy telephone conference held on August 17, 2017 (Docket 51, Exhibit D))

3. Fed R. Civ. P. 56(a) provides:

    A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion

4. Its undisputed based on RFA No.1(Exhibit T) that she was not a resident of California in 2014

5. Its undisputed based on RFA No.2(Exhibit T) that she was not a resident of California in 2015

6. Its undisputed based on RFA No.3(Exhibit T) that she was not a resident of California when she filed the complaint

7. Its undisputed based on RFA No.4(Exhibit T) that she has any admissible evidence of the defendants involvement in the subject matter of the litigation

8. Its undisputed fact that we don't have a backup copy or any evidence that suggests that the pictures(if any) that were on the WordPress blog are the ones she claims were taken while we were married

9. Its undisputed fact that she claims she ran a company called "Stealth Mode Internet" for 8 years before the case was filed (Exhibit U, a copy of her LinkedIn Page soon after the lawsuit was filed). For reasons unknown she removed any trace of this from her LinkedIn Page soon after the lawsuit was filed.

10. 28 U.S. Code 1391(b) provides:

    A civil action may be brought in –

    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

11. In the plaintiff complaint she claims that the venue is proper because(Paragraph 11, Docket 1)

    "Venue is proper pursuant to 28 U.S.C 1391 because this district is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred. To wit, Defendant aimed his misconduct at Plaintiff, a California resident, knowing that she resided in this district and using online resources located in this District, namely the WordPress blog"

12. If she is not a California resident then "Defendant aimed his misconduct at Plaintiff, a California resident, knowing that she resided in this district" couldn't be true.

13. In the second part she claims that the defendant used "online resources located in this District, namely the WordPress blog"

    a. The plaintiff deleted the blog long before she filed a case(close to an year) so there is no way to confirm what pictures were actually there

    b. She did not make an offline copy of the blog

    c. She didn't file a complaint with the California/Oregon police until after a year since the incident and deletion of the blog.

d. She has a number of photos which she says were from the blog, again no evidence for that as well

e. Those photos are not original downloads (per my attorneys, I haven't looked at them) so the defendant cannot do any forensic analysis to find out the origin/authenticity of them

f. She claims they were posted by anonymous users with some sophisticated knowledge (as she claims "it can't be done by one person"). I don't have that kind of knowledge. Moreover, immediately after the lawsuit was filed I took a screen capture of her LinkedIn page (Exhibit U) she claims she has been running a company called "Stealth Mode Internet" for the last 8 years. She even has a picture of a guy in black dress snooping behind a startled user. She removed that from her LinkedIn profile a few days after the filing of the lawsuit

g. Based on responses given in RFA and points above There is no evidence to substantiate the claim that the defendant posted the pictures and/or used California resources to do so

14. In the plaintiff complaint she claims that the jurisdiction is proper because (Paragraph 13, Docket 1)

"The Court has personal jurisdiction over defendant because he purposefully directed his activities toward California. To wit, Defendant aimed his misconduct at Plaintiff knowing that she resides in California, Defendant used California based resources to carry out his misconduct, and Defendant published Plaintiffs intimate photographs online for the California residents to view"

15. Based on the same arguments listed above(4-9), the statements above are also untrue

### IV. CONCLUSION

For all the foregoing reasons, the defendant respectfully requests that the court dismiss Plaintiffs lawsuit, and all the claims therein, with prejudice.

Respectfully submitted,

Date: 09/11/17          Sign Name: _____

Print Name: Uday Deshraj