**Salar Atrizadeh, Esq. (SBN: 255659)**
LAW OFFICES OF SALAR ATRIZADEH
9701 Wilshire Blvd., 10th Floor
Beverly Hills, CA 90212
Telephone: 310-694-3034
Facsimile:  310-694-3057
Email: salar@atrizadeh.com

Attorney for Plaintiff
ARUNASREE SWAPNA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARUNASREE SWAPNA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UDAY KRISHNA DESHRAJ, an individual,<br><br>Defendant. | Case No.: 3:16-cv-05482-JSC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT** |

1

# MEMORANDUM OF POINT AND AUTHORITIES

## I.   INTRODUCTION

Defendant's Motion to Dismiss and for Summary Judgment ("Motion") is nothing more than a thinly-veiled and procedurally improper attempt to consolidate a motion to dismiss with a motion for summary judgment, to argue the ultimate merits of the case, and to advance arguments on issues that the courts in this district hold to be factual issues inappropriate for consideration in that context.

Defendant tellingly avoids any discussion of the actual allegations in Plaintiff's complaint. In fact, the Motion does not once cite to the allegations of the complaint, which proves that the complaint meets the requirements of Fed. R. Civ. P. 8(a) and states valid claims therein. Also, Defendant relies on tangential arguments, evidence, and mischaracterizations of the contents of those materials and law to support arguments that courts in this district have determined are factual issues and only appropriate for resolution at trial.

Therefore, granting Defendant's request for dismissal would require this Court to overlook the following basic principles: (1) Factual allegations in a complaint are to be taken as true; (2) That such allegations must be construed in a light most favorable towards Plaintiff; and (3) The Court should not engage in premature fact-finding in considering a motion to dismiss, but instead should constrain its review to the legal sufficiency of the pleading. For these reasons, and those set forth hereinbelow, Defendant's Motion must be denied.

## II.   STATEMENT OF ISSUES

1. Did Defendant take private photographs of Plaintiff?
2. Did Defendant publish private photographs of Plaintiff without her authorization on adult-themed websites?
3. Did Defendant create an online Wordpress blog in Plaintiff's name, and publish

2

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

Plaintiff's intimate photographs on that blog?

4. Were Plaintiff's private photographs visible online to the public?

5. Did Defendant inform Plaintiff's friends, colleagues, and family of the existence of the private photographs?

6. Did Defendant encourage his friends and colleagues to view the intimate photographs of Plaintiff on the adult-themed websites?

7. Did Plaintiff's family members, colleagues, and potential business associates view Plaintiff's intimate photographs online?

8. Did Defendant's misconduct cause harm towards Plaintiff?

9. Did Defendant physically and emotionally abuse Plaintiff?

10. Did Defendant force Plaintiff to have sexual intercourse without consent?

11. Defendant access Plaintiff's email account without her authorization?

12. Did Defendant read through Plaintiff's private communications with her family and send those communications to third parties in an effort to criticize and embarrass Plaintiff?

13. Did Defendant publish false statements about Plaintiff in his communications with their common friends, such as claims that she "danced topless" while pursuing her master's degree?

14. Did Defendant's misconduct cause severe harm to Plaintiff, including, but not limited to, severe emotional distress?

15. Did Defendant's misconduct inhibit Plaintiff's ability to maintain her current employment and advance in her professional career, or result in lost income of more than $75,000?[1]

---

[1] See, e.g., Compl. (Dkt. No. 1); see also Swapna Decl., ¶¶ 10-24.

### III. FACTUAL DISPUTES

Plaintiff presents genuine issues of material fact that are presently disputed by Defendant. Defendant denies the above-listed statement of issues and contends that Plaintiff published her own private photographs online in order to extort money from him. Defendant has presented a novel argument and must be compelled to present evidence to support his claims or contentions. However, notwithstanding Defendant's position, Plaintiff has submitted evidence (e.g., expert reports, medical reports, declarations) which substantiate her claims and contentions.[2] Therefore, based upon the factual disputes, the Motion should be denied.

### IV. STANDARD OF REVIEW

#### 1. Standard of Review For Motion To Dismiss

Under Rule 37(b)(2) of the Federal Rules of Civil Procedure:

> If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part …

Here, Plaintiff has not failed to comply with this rule. Plaintiff has provided her responses to Defendant's discovery requests pursuant to the code.[3] As such, Defendant should not be permitted to obtain a dismissal based on this argument.

#### 2. Standard of Review For Motion For Summary Judgment

It is well settled that in ruling on a summary judgment motion the court views facts and inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. v.*

---

[2] See Swapna Decl., ¶ 27.
[3] See Swapna Decl., ¶ 4.

*Zenith Radio Corp.*, 475 U.S. 574, 587.  Under Ninth Circuit law, to prevail on a motion for summary judgment, the movant must produce either evidence negating an essential element of the nonmoving party's claim or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.  In order to carry its ultimate burden of persuasion on the motion, the movant must persuade the court that there is no genuine issue of material fact. *Nissan and Marine Insurance Co., Ltd. v. Fritz Companies, Inc.*, 210 F. 3d 1099.  If the movant fails to carry its initial burden of production on the motion for summary judgment, then the nonmoving party may defeat the motion for summary judgment without producing anything.  *Id*.

Here, summary judgment is not appropriate because there are genuine issues as to material facts which prove that Defendant is not entitled to judgment as a matter of law. See *F.R.C.P. 56(c); Celotex Corp..v. Catrett*, 477 U.S. 317, 322 (1986).  Defendant has not met his initial burden of showing the absence of genuine issue of material fact.  *British Airways Board v. Boeing Co.*, 585 F.2d 936, 951 (9th Cir. 1978).  Also, there are several material issues of fact, which affect the outcome of this litigation and require a trial to resolve the differing versions of the truth.  *Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1301, 1305-06 (9th Cir. 1982).

V. **PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT**

   A. **There are Genuine Issues of Material Fact In Dispute That Make The Granting of Summary Judgment Improper**

There are several genuine issues of material fact that should be left to a fact finder to determine.  Plaintiff's and her witnesses' declarations raise a myriad of genuine issues of material fact that should lead the court to denying Defendant's Motion.  Now, at this stage, Plaintiff's and witnesses' declarations raise factual disputes and contradictions on the following issues: (1) Did Plaintiff violate discovery orders?; (2) Is Plaintiff a resident of California?; (3) Does Plaintiff have material evidence to prove Defendant was involved in the

conduct alleged in the complaint?; (4) Did Defendant take Plaintiff's intimate photographs by mutual consent?; (5) Did Defendant publish Plaintiff's intimate photographs on websites?; and (6) Did Defendant's publishing of Plaintiff's intimate photographs cause damages towards Plaintiff?

As indicated herein, there are factual questions presented within this case, and as such Defendant's Motion is improper and should be denied accordingly.

**B. Plaintiff's Complaint Yields Valid Claims For Relief Which Can Be Supported By Admissible Evidence**

First, Plaintiff has obtained a financial damages report ("Financial Damages Report") that was prepared by a certified public account that outlines her damages. Attached hereto as Exhibit "A" and incorporated by reference herein is a true and correct copy of the report. According to this report, Plaintiff has suffered from quantifiable financial damages.[4]

Second, Plaintiff has obtained a digital forensics report ("Digital Forensics Report") from Hochman Consultants, LLC. Attached hereto as Exhibit "B" and incorporated by reference herein is a true and correct copy of the report. The expert who prepared the report was Jonathan Hochman, who serves as consulting and testifying expert in the fields of internet marketing, e-commerce, website development, digital forensics, search engine optimization, and pay-per-click advertising. See www.hochmanconsultants.com/about/jonathan-hochman and www.hochmanconsultants.com/expert-witness. In summary, this report indicates, *inter alia*, that Plaintiff's private photographs were uploaded to several adult-themed websites and were viewed by the public numerous times over the course of several years.[5] Plaintiff's private photographs still exist online and have not been completely eradicated even though Plaintiff has submitted numerous takedown requests towards the adult-themed websites.

---

[4] See Financial Damages Report, pp. 2, 8, 10-11; Swapna Decl., ¶¶ 28-29.
[5] See Digital Forensics Report, pp. 7-8, 9; Swapna Decl., ¶¶ 28, 30.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

Third, Plaintiff has obtained witness declarations, which provide testimony against Defendant. Most, if not all, of the witnesses personally know Defendant and have had encounters with him. The witnesses outlined their testimony and provided details about their knowledge of the incidents. They also testified that they personally saw Plaintiff's private photographs online. [6]

Fourth, Plaintiff has obtained medical reports ("Medical Reports") which provide information about her medical condition. Attached hereto as Exhibit "C" and incorporated by reference herein is a true and correct copy of the medical reports. These Medical Reports support the fact that Plaintiff has suffered from physical and emotional damages as a result of Defendant's conduct. [7]

Plaintiff has claimed that Defendant's physical and emotional abuse began almost immediately after her wedding.[8] She sustained emotional damages as a result of her ex-husband's acts.[9] Plaintiff has submitted corroborating evidence (e.g., medical reports, declarations) to prove her emotional damages with reasonable certainty. In fact, in relevant parts, the Medical Reports indicate as follows:

a. She is also dealing with a lot of stress and has an ongoing lawsuit with her ex-husband over illegally posting photographs of her online;

b. Arunasree Swapna is a 36 year old female who presents with coccyx pain after being physically (sexually abused with anal sex) by her husband in 2006 and had a work doctor looked at it with some sort of laser therapy with pain and bothered her more after gaining weight;

---

[6] See Dkt. No. 71; Ramakrishnan Decl., ¶¶ 5-6, 8; Ganesh Decl., ¶ 11; Chelakari Decl., ¶ 6, 18-19.
[7] See Medical Reports, pp. 21, 43, 75-76, 102, 103-104, 148, 150, 159, 177, 180, 184, 185-186, 212, 220, 242, 249, 263, 266, 288, 291, 324-326, 348, and 392.; see also Swapna Decl., ¶ 28, 31.
[8] See Compl., ¶ 22.
[9] See Compl., ¶ 3, 22, 38, 45, 50-51, 64-69.

7

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

    c. Hx of abortion due to physical abuse by Ex-husband in 2008;

    d. Arunasree Swapna is a 36 year old pregnant female with a 10 year history of chronic coccyx pain from an injury caused by abuse from ex-husband. Patient states she was treated and pain resolved but had flare ups with the most recent episode from MVA. Patient presents to the clinic today as LEVEL 2 with overall limited functioning;

    e. Her [first] marriage involved domestic violence both emotionally and physically. She is in a lawsuit against her [first] husband at this time that has caused her some stress;

    f. Scaphoid fracture 2006 surgery. States was from physical abuse by her [ex-husband]. Recurrence of pain 12/2016 due to stress form the ongoing legal case with her ex per patient. Requesting a letter for court, stating her current health issues form the ongoing stress; and

    g. History of Present Illness: from home complaining of palpitations, and left shoulder ache possible related to anxiety [per patient's recent miscarriage], and lawsuit with ex-husband. [The patient is] under a lot of stress.

Thus, as indicated hereinabove, Plaintiff's complaint yields valid claims for relief which are supported by admissible evidence – i.e., Exhibits A-C.

**C. Defendant Has Raised The Question As To Whether This Court Has Personal Jurisdiction Over The Parties and Whether This District Is The Proper Venue**

Defendant has raised the question as to whether this Court has personal jurisdiction over the parties and whether this district is the proper venue in which to hear the claims. Defendant will probably request a transfer of venue for the sake of the convenience of the parties, convenience of witnesses, and in the interests of justice. However, these issues were brought at a late stage of litigation, and should not be considered at this time.

8

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

First, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  Plaintiff it a citizen of California and Defendant is a citizen of Oregon.[10]

Second, venue is proper pursuant to 28 U.S.C. §1391 because this District is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.  Defendant aimed his misconduct at Plaintiff, a California resident, knowing that she resided in this District and using online resources located in this District, namely the Wordpress blog.[11]

Third, this Court has personal jurisdiction over Defendant because he purposefully directed his activities toward California.  Defendant aimed his misconduct at Plaintiff knowing that she resides in California, Defendant used California-based resources to carry out his misconduct, and Defendant published Plaintiff's intimate photographs online for California residents to view.[12]

## VI.   CONCLUSION

Therefore, based on the foregoing reasons, and supporting documents, Plaintiff hereby requests that this Honorable Court denies Defendant's Motion and allows her to prosecute this legal action.

Dated:  February 21, 2018           **LAW OFFICES OF SALAR ATRIZADEH**

By:   /s/ Salar Atrizadeh
      SALAR ATRIZADEH, ESQ.
      Attorney for Plaintiff
      ARUNASREE SWAPNA

---

[10] See Compl., ¶ 11; Swapna Decl., ¶ 6.
[11] See Compl., ¶ 12; Swapna Decl., ¶ 7.
[12] See Compl., ¶ 13; Swapna Decl., ¶ 8.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**