UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARUNASREE SWAPNA,<br><br>    Plaintiff,<br><br>  v.<br><br>UDAY KRISHNA DESHRAJ,<br><br>    Defendant. | Case No.16-cv-05482-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT AND PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 60, 66, 76 |

Plaintiff Arunasree Swapna filed this action alleging state law privacy and tort claims against her ex-husband Defendant Uday Krishna Deshraj in September 2016. (Dkt. No. 1.) Defendant's motion to dismiss and for summary judgment is now pending before the Court as is the Court's Order to Show Cause to Plaintiff for failure to prosecute and for sanctions.[1] (Dkt. Nos. 60, 66.) After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and denies Defendant's motion without prejudice and sanctions Plaintiff for her failure to comply with Court Orders.

**BACKGROUND**

Plaintiff alleges that during their marriage Defendant took intimate photographs of her without her consent. (Complaint at ¶¶ 30-33.) After their acrimonious divorce, Defendant uploaded these photographs to the internet including to a Wordpress blog that he created in

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 7, 18.)

1  Plaintiff's name. (*Id*. at ¶¶ 39-41.) Plaintiff discovered the blog and photographs in November
2  2015. (*Id*. at ¶ 42.) Plaintiff alleges that the publication of these photographs online has caused
3  her severe harm, emotional distress, and impeded her ability to maintain employment. (*Id*. at ¶
4  45.)

5  In September 2016, Plaintiff filed this action alleging claims for (1) violation of California
6  Civil Code § 1708.85; (2) invasion of privacy; (3) intentional infliction of emotional distress; and
7  (4) violation of California Penal Code § 528.5. (Dkt. No. 1.) Although Plaintiff was initially
8  represented by counsel, the Court granted her counsel's motion to withdraw on July 11, 2017. (Dkt.
9  No. 33.) Following Plaintiff's counsel's withdrawal, the Court held several case management
10 conferences and issued multiple orders in an effort to resolve outstanding discovery issues. (Dkt. Nos.
11 44, 45, 47, 50, 51.) Ultimately, on August 17, 2017, the Court held a case management conference at
12 which dates for the parties' depositions in the Court's jury room were set, and a schedule was set for
13 the parties' responses to all outstanding discovery. (Dkt. No. 51.) The Court also referred the parties
14 for a Settlement Conference before Magistrate Judge James at her earliest convenience. (Dkt. No. 51.)

15 The Settlement Conference was subsequently set for October 25, 2017. (Dkt. No. 52.)
16 Defendant's counsel thereafter moved to withdraw because Defendant wished to represent himself.
17 (Dkt. No. 55.) The Court granted the motion and at the parties' request reset the parties' depositions to
18 occur after the Settlement Conference. (Dkt. Nos. 56 & 57.) Defendant then filed a motion to dismiss
19 and for summary judgment. (Dkt. No. 59.) Because the parties had previously agreed to have
20 dispositive motions heard after their Settlement Conference, the Court vacated the hearing date and
21 ordered that the briefing schedule would be reset if necessary following the Settlement Conference.
22 (Dkt. No. 61.)

23 On October 23, 2017, Plaintiff notified Judge James that she would not appear for her
24 Settlement Conference scheduled for October 25. (Dkt. No. 63.) Judge James issued an order
25 continuing the Settlement Conference to February 6, 2018. (*Id*.) The court stated in relevant part:

26 > Plaintiff is ORDERED by the Court to appear for the Settlement Conference on February 6, 2018. She will not be excused. Plaintiff
27 > does not have counsel and the settlement cannot go forward without her presence. If Plaintiff does not appear at the Settlement
28 > Conference, in person, the Court shall issue an Order to Show.

2

(*Id.*)

On February 6, 2018, Defendant appeared for the Settlement Conference, but Plaintiff did not do so despite the Court's order that she appear in person. (Dkt. Nos. 63, 65.) The Court thus issued an order to show cause as to why this action should not be dismissed and why Plaintiff should not otherwise be sanctioned for her failure to appear at the mandatory Settlement Conference. (Dkt. No. 66.) Defendant was ordered to submit a statement detailing his expenses, if any, for appearing at the February 6, 2018 settlement conference. (*Id.*) Defendant thereafter submitted a statement showing that he had incurred $173.27 in expenses. (Dkt. No. 70.)

On February 12, 2018, attorney Amir Salar Atrizadeh entered an appearance on Plaintiff's behalf. (Dkt. No. 68.) Plaintiff thereafter filed a declaration in response to the Order to Show Cause, as well as a response to Defendant's motion to dismiss and for summary judgment accompanied by numerous declarations as well as an administrative motion to seal. (Dkt. Nos. 71, 72, 73, 74, 75.) Plaintiff has also since filed an ex parte application to continue the trial date. (Dkt. No. 76.)

**DISCUSSION**

**A.  February 7, 2018 Order to Show Cause**

Plaintiff's declaration in response to the Court's February 7, 2018 Order to Show Cause attests that she was unable to attend the Settlement Conference because of a complicated surgery which took place two months prior and has limited her mobility. (Dkt. No. 71.) Plaintiff states that she "was under the impression that, if I retain legal counsel to be present at the mandatory settlement conference on my behalf, the settlement conference would proceed without me." (*Id.* at ¶ 7.)  The problem with Plaintiff's argument is that counsel did not enter an appearance on her behalf until after the Settlement Conference and thus he had no authority to represent her at the Settlement Conference.  Even if Plaintiff herself was unaware of this fact, counsel should not have been.  Further, Judge James's October 23, 2017 order required Plaintiff to personally appear. (Dkt. No. 63.)  Finally, Plaintiff's surgery was in early December, even if she has been immobilized since then she was apparently able to retain counsel and there is no reason why she also could not have notified the court regarding her condition and inability to appear in the two months between her surgery and the Settlement Conference.

3

Accordingly, Plaintiff shall pay Defendant's expenses for the Settlement Conference she failed to attend in violation of this Court and Judge James's Order. Per the Defendant's statement these expenses totaled $173.27. (Dkt. No. 70.) Plaintiff shall pay Defendant this amount within 30 days.

### B. Defendant's Motion to Dismiss and for Summary Judgment

Although Defendant's motion is styled as a motion to dismiss and for summary judgment, it is actually a motion to dismiss under Federal Rule of Civil Procedure 37(b)(2) based on Plaintiff's failure to comply with discovery orders. Defendant does not argue the merits of Plaintiff's claims, and instead, contends that Plaintiff failed to provide the discovery responsive to the Court's August 18, 2017 Order (as well as prior Orders). This discovery was aimed, in large part, at addressing Defendant's venue and personal jurisdiction concerns. Plaintiff's opposition does not address Defendant's arguments regarding Plaintiff's failure to provide discovery, although the declaration she submitted states that she responded to "all" discovery requests and complied with the Court orders. (Dkt. No. 73-4 at ¶ 4.) Instead, Plaintiff's opposition argues the merits of her case offering a "financial damages report" and a "digital forensics report" attaching hundreds of pages of documents which allegedly represent the at-issue images.[2] (Dkt. Nos. 72 & 73.) Defendant's reply disputes Plaintiff's statement that she provided the responsive discovery and states that he still lacks the discovery necessary to allow him to challenge venue and personal jurisdiction.[3]

---

[2] Plaintiff's administrative motion to file these documents under seal is DENIED AS MOOT because the Court has not considered the documents in ruling on the underlying motion. (Dkt. No. 72.) Given the sensitive nature of the exhibits and their lack of relevance to the underlying motion, the Court STRIKES Docket No. 72.

[3] Plaintiff submitted an unauthorized reply "declaration" following Defendant's reply brief. (Dkt. No. 78.) Plaintiff is now represented by counsel and counsel is advised to familiarize himself with the Local Rules, which among other things, require parties to present matters to the Court in the form of a motion and states that sur-replies or the like cannot be filed without leave of the Court. *See* Civil L.R. 7-1(a); 7-3(a). Further, it is wholly inappropriate to file settlement conference statements and settlement offers on the public docket and disclose the contents of settlement matters to the assigned judge. *See* ADR L.R. 7-4(a). The Court has thus not reviewed the declaration attachments and orders that the declaration and its contents be STRICKEN from the record.

Rule 37(b)(2) provides for a range of sanctions based on a party's failure to comply with a court order. *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 910 (9th Cir. 1986). In the Ninth Circuit, dismissal sanctions are appropriate only in "extreme circumstances" and where the violation is "due to willfulness, bad faith, or fault of the party." *United States v. Kahaluu Constr. Co., Inc.*, 857 F.2d 600, 603 (9th Cir.1988). Here, Defendant seeks dismissal or several lesser forms of sanction including (1) issuance of a contempt order, (2) deeming Plaintiff's Request for Admissions, Set One admitted, or (3) ordering Plaintiff to comply with outstanding discovery by a date certain or face dismissal. The Court exercises its discretion to order the latter. To that end, the Court orders as follows:

(1) On or before March 16, 2018, the parties shall serve each other with the discovery responses outlined in the Court's August 18, 2017 Order. (Dkt. No. 51.)

(2) On or before March 16, 2018, Plaintiff shall file with the Court a list of 3 or more dates before June 1, 2018 on which she is available on two consecutive days for deposition in San Francisco in the Court's jury room. On or before March 23, 2018, Defendant shall file with the Court a responsive list of dates on which he is available for depositions such that Plaintiff's and Defendant's depositions may be scheduled on consecutive dates.

(3) Thereafter, the Court will issue an order scheduling the parties' depositions.

(4) The Court will set a Case Management Conference to coincide with these depositions. In the interim, the trial and pretrial dates are VACATED.

(5) Plaintiff is warned that her failure to provide responsive discovery by March 16, 2018, provide available deposition dates, or appear for her deposition once scheduled, could result in dismissal of her claims with prejudice.

Finally, the Court admonishes the parties regarding the contents of their public filings. This action is about Plaintiff's allegation that Defendant took intimate photos of her without her consent and uploaded these photographs to the internet. This action is not an opportunity to detail the intimate details of the parties' marriage, sexual habits, or allegations of domestic violence. The parties shall desist from using this forum to air their grievances with each other regarding these matters unless they can make some showing that these matters are relevant to Plaintiff's

legal claims or Defendant's defenses thereto.  Further, Plaintiff's counsel's repeated filings of his client's personal medical records on the public docket is inappropriate and he is cautioned to exercise greater care in future.

## CONCLUSION

For the reasons stated above, Plaintiff shall pay Defendant $173.27 within 30 days of the date of this Order as a sanction for her failure to appear in person at the Settlement Conference. Defendant's motion to dismiss and for summary judgment is DENIED without prejudice.  The parties shall complete the outstanding discovery as outlined above at which point the Court will hold a case management conference and set a briefing schedule to address Defendant's motion to dismiss for lack of personal jurisdiction and improper venue and any motions for summary judgment.

**IT IS SO ORDERED.**

Dated: March 2, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge