UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARUNASREE SWAPNA,<br><br>    Plaintiff,<br><br>v.<br><br>UDAY KRISHNA DESHRAJ,<br><br>    Defendant. | Case No.16-cv-05482-JSC<br><br>**ORDER RE: DEPOSITIONS AND DISCOVERY RESPONSES**<br><br>Re: Dkt. Nos. 82, 84 |

On March 2, 2018, the Court ordered the parties to provide information regarding their availability on two consecutive days prior to June 1, 2018 for their respective depositions to take place in the Court's jury room. (Dkt. No. 80.) In response, Defendant filed a motion requesting that the depositions be rescheduled to occur in July based on the impending birth of his second child. (Dkt. No. 82.) Plaintiff responded with her availability and a request that the depositions occur via video because of her severe medical limitations. (Dkt. No. 83.) The depositions shall take place on July 10 and 11, 2018. Plaintiff's deposition will go first on July 10 at 9:00 a.m. followed by Defendant's on July 11 at 9:00 a.m.

Plaintiff's request for a video deposition is DENIED. In support of her request, Plaintiff refers to the statement from her treating physician which the Court considered in setting the deposition dates; namely, the February 7, 2018 letter from Dr. Hong, which requests that Plaintiff be excused from court appearances for the next three months. (Dkt. No. 71-1 at 2.) There is no statement in the record from Plaintiff's treating physician that suggests that Plaintiff will not be able to appear for her deposition in July—more than five months after the date of Dr. Hong's letter. Accordingly, Plaintiff shall appear in person for her deposition on July 10, 2018 at 9:00 a.m. in Courtroom F, 450 Golden Gate Ave., San Francisco, California. If she fails to do so this

action may be dismissed for failure to prosecute.

The Court's March 2 Order also required the parties to serve each other with written responses to the discovery outlined in the Court's August 18, 2017 Order. (Dkt. Nos. 51; 80.) Plaintiff provided amended responses to Defendant's Interrogatories (Sets 1-2) and Defendant's Request for Admissions (Set 1). (Dkt. Nos. 84-2; 84-3.) However, Plaintiff did not provide a statement explaining her passport entries and exits as ordered. (Dkt. No. 51 at 2:19-21.) In response to Defendant's email meet and confer regarding the omission of such a statement, Plaintiff's counsel reattached copies of Plaintiff's passport and stated in part that "I am sure you can read the contents since anyone with a high school degree can read and understand passport entry and exit dates." (Dkt. No. 84-5.) Plaintiff's counsel also threatened to seek sanctions against Defendant—who is proceeding pro se—if he pursued this issue.

Counsel's email is unprofessional and unacceptable. He has been previously reminded of his responsibilities as an officer of the Court to comply with the local rules which require in relevant part that attorney permitted to practice in this Court must "[m]aintain respect due to courts of justice and judicial officers" and "[p]ractice with the honesty, care, and decorum required for the fair and efficient administration of justice." *See* Civ. L.R. 11-4(a). The Court previously ordered Plaintiff to provide a statement explaining her entries and exits and not simply provide a copy of her passport. (Dkt. No. 51 at 2:19-21.) The Court will give Plaintiff one more chance to comply with this Court's Order of August 2017. On or before March 22, 2018, Plaintiff shall file on the docket a verified statement explaining her passport entries and exits. If Plaintiff fails to do so, Plaintiff's counsel must personally appear on March 29, 2018 at 2:00 p.m. in Courtroom F, 450 Golden Gate Ave., San Francisco, California, and explain why Plaintiff should not again be sanctioned for failure to comply with this Court's Orders.

This Order disposes of Docket Nos. 82 & 84.

**IT IS SO ORDERED.**

Dated: March 19, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2