UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARUNASREE SWAPNA,<br><br>    Plaintiff,<br><br>    v.<br><br>UDAY KRISHNA DESHRAJ,<br><br>    Defendant. | Case No.16-cv-05482-JSC<br><br>**ORDER RE: PLAINTIFF'S SECOND REQUEST FOR LEAVE TO ENGAGE IN DEPOSITIONS BY WRITTEN QUESTIONS**<br><br>Re: Dkt. No. 94 |

The Court is in receipt of Plaintiff's improper "Second Request for Leave to Engage in Depositions by Written Questions." (Dkt. No. 94.) The Court has already denied Plaintiff's request to have her deposition conducted by written questions. (Dkt. No. 93.) To the extent that Plaintiff seeks to have the Court reconsider its prior ruling, Plaintiff has failed to follow Local Rule 7-9 which sets forth the requirements for a filing a motion for reconsideration including that a party first seek leave to file a motion to reconsider.[1] *See* Civ. L. R. 7-9(a). However, even if Plaintiff's request was procedurally proper, there is no basis for reconsideration here because Plaintiff's motion simply reiterates the arguments in her prior motion. *See* Civ. L. R. 7-9(b)(stating that a party seeking leave to file a motion for reconsideration must show either: (1) "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court"; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order;" or (3) a "manifest failure by the Court to consider material facts or dispositive

---

[1] Plaintiff's counsel is again reminded to familiarize himself with the local rules. *See* Civ. L.R. 11-4(a)(2) (requiring any attorney permitted to practice in this Court to, among other things, "[c]omply with the Local Rules of this Court").

legal arguments" previously presented to the court.)  Plaintiff's "request" is therefore DENIED.

Nevertheless, given that Plaintiff attests under penalty of perjury that she is now under a disability which precludes her from traveling and precludes her from engaging in any stressful activities such as her deposition, the Court RESETS Plaintiff's and Defendant's depositions to take place on October 9 and 10, 2018, respectively, in the Court's jury room.[2]  **Plaintiff is warned that this is the last time the Court will reset her deposition.  Defendant has the right to depose her in person to defend himself against the claims she has made in this action and this case cannot be continued indefinitely.  Plaintiff shall either dismiss this action if she is unable to litigate her claims, or appear in person on October 9.  If Plaintiff fails to do so, the Court will dismiss the action for failure to prosecute.** *See* **Fed. R. Civ. P. 41(b)**

Finally, the Court is weighing whether any sanction should result from Plaintiff's repeated failure to comply with the Court's Orders—this time appearing for her deposition.  Accordingly, Plaintiff is ordered to file a supplemental declaration addressing the following questions: (1) how Plaintiff traveled to India given her paraplegia; (2) when did she travel to India; (3) at the time she traveled to India did she intend to return by July 10 for her deposition; and (4) if so, when did she discover she would not be able to return for her deposition.  Plaintiff shall file her supplemental declaration by July 2, 2018.

The Case Management Conference is CONTINUED to October 11, 2018 at 1:30 p.m. in Courtroom F, 450 Golden Gate Ave., San Francisco, California.

**IT IS SO ORDERED.**

Dated:  June 22, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[2] These dates were selected because both Plaintiff and her physician attest that her treatment will continue until September 2018.  (Dkt. Nos. 90-1; 90-2 at ¶ 8.)