1 UDAY DESHRAJ

2 432 NE 57th Ave

3 Hillsboro, OR 97124

4 ukdeshraj@gmail.com

5 Pro Se

6

7 UNITED STATES DISTRICT COURT

8 NORTHER DISTRICT OF CALIFORNIA

9 SAN FRANCISCO DIVISION

| | |
|---|---|
| 10 ARUNASREE SWAPNA, an individual, | ) Case No.: 3:16-CV-05482-JSC |
| 11 Plaintiff, | ) **CASE MANAGEMENT STATEMENT Of** <br> ) **DEFENDANT UDAY DESHRAJ** |
| 12 vs. | ) |
| 13 | ) **Hearing: October 11, 2018** |
| 14 UDAY KRISHNA DESHRAJ, an individual, | ) **Time: 1:30 p.m.** <br> ) **Courtroom: F** |
| 15 Defendants. | ) |
| 16 | ) |

17    Defendant had made attempts to meet and confer with the Plaintiffs' counsel and pointed

18 out issues with the format (to his knowledge) not being compliant with the local rules, as well as

19 content of the document. Since the Plaintiff was not inclined to make the necessary changes and

20 stipulate to a joint case management statement.  Defendant, therefore, submits his own statement.

21 **1. <u>Jurisdiction & Service</u>**

22    *The basis for the court's subject matter jurisdiction over plaintiff's claims and*

23 *defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue,*

24 *whether any parties remain to be served, and, if any parties remain to be served, a proposed*

25 *deadline for service.*

26    <u>Subject Matter Jurisdiction</u>: Plaintiff, in her complaint appears to contend that the Court

27 has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because the matter in

28 controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

1  citizens of different States. Plaintiff is a citizen of California and Defendant is a citizen of
2  Oregon.  Defendant believes that based on discovery responses that Plaintiff was a resident and
3  citizen of India at the time of the alleged events.

4      <u>Personal Jurisdiction & Venue</u>: Plaintiff alleges in her that this Court has personal
5  jurisdiction over Defendant and the Court is a proper venue for this action under 28 U.S.C.
6  §1391 because this District is a judicial district in which a substantial part of the events or
7  omissions giving rise to the claims occurred.

8      Defendant has denied that this Court has personal jurisdiction over him and/or is a proper
9  venue for this action, and Defendant reserves the right to challenge personal jurisdiction and
10  venue by later motion.

11

12  **2.  Facts**

13      *A brief chronology of the facts and a statement of the principal factual issues in dispute.*

14      Plaintiff and Defendant were formerly married. During their marriage, they took some
15  intimate photographs of Plaintiff (the "Photographs"). Plaintiff alleges that Defendant took these
16  Photographs without her knowledge or consent, while she was intoxicated after Defendant forced
17  her to consume alcohol. Plaintiff further alleges that following their divorce, Defendant
18  published the intimate Photographs on a Wordpress blog and on multiple adult-themed websites,
19  and that as a result, Plaintiff has been harmed.

20      While Defendant admits that they took Photographs together, he denies the remaining
21  allegations above.

22

23  **3.  Legal Issues**

24      *A brief statement, without extended legal argument, of the disputed points of law,*
25  *including reference to specific statutes and decisions.*

26  • Whether the Court has personal jurisdiction over Defendant;

27  • Whether this Court is a proper venue for this action;

28  • Whether Defendant violated Civil Code §1708.85 by publishing intimate Photographs of

Plaintiff on multiple websites.

- Whether Defendant invaded Plaintiff's privacy in violation of California common law by publishing intimate Photographs of Plaintiff on multiple websites.

- Whether if neither Plaintiff nor Defendant were residents of California at the time the alleged acts occurred Plaintiff can vail herself of claims based upon California statutory or common law.

- Whether Defendant intentionally inflicted emotional distress on Plaintiff in violation of California common law by publishing intimate Photographs of Plaintiff on multiple websites.

- Whether Defendant violated Penal Code §528.5 by credibly impersonating Plaintiff on multiple websites.

- Whether Defendant's affirmative defenses raised in his answer bar or otherwise limit any of Plaintiff's claims.

- Whether Plaintiff's claims are barred by her willful spoliation of evidence.

- Whether Plaintiff and her Attorney need to be sanctioned for multiple and willful acts of perjury, intentional non-compliance with rules, slander and abuse directed towards defendant.

## 4. <u>Motions</u>

*All prior and pending motions, their current status, and any anticipated motions.*

There are no pending motions. Defendant may bring a motion to dismiss the action and/or transfer venue based on lack of personal jurisdiction and/or improper venue. The parties anticipate bringing: a) discovery motions as needed, and only after satisfying the meet-and-confer requirements, b) motions for summary judgment, c) motions in limine, and d) a motion to dismiss in the event discovery discloses venue is improper in the Northern District or in the Ninth Circuit.

## 5. <u>Amendment of Pleadings</u>

CASE MANAGEMENT STATEMENT Of DEFENDANT UDAY DESHRAJ

Case No.: 3:16-CV-05482-JSC

1    *The extent to which parties, claims, or defenses are expected to be added or dismissed*
2    *and a proposed deadline for amending the pleadings.*

3    The parties' investigations of the relevant facts are ongoing, and the parties reserve the
4    right to seek leave to amend their pleadings as permitted under the Federal Rules of Civil
5    Procedure.

6

7    **6.  Evidence Preservation**

8    *A brief report certifying that the parties have reviewed the Guidelines Relating to the*
9    *Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the*
10   *parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and*
11   *proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this*
12   *action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

13   All parties' counsel certify that they have reviewed the Guidelines Relating to the
14   Discovery of Electronically Stored Information ("ESI Guidelines") and have discussed the same
15   with each other and their respective clients. Counsel further confirm that they have taken and
16   will continue to take reasonable and proportionate steps to preserve potentially relevant
17   evidence.

18

19   **7.  Disclosures**

20   *Whether there has been full and timely compliance with the initial disclosure*
21   *requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

22   The parties served their initial disclosures under Federal Rule 26(a) on January 30,
23   2017.Since the disclosures the Plaintiff had submitted numerous testimonials from people who
24   she claims had first had knowledge of the incidents, the defendant asked the Plaintiffs' Attorney
25   to update the disclosures with the list of their names, addresses and why their testimonies are
26   relevant in this case and to date haven't received them. I would request the court to seek
27   plaintiff's compliance with this request so I can deposition the witness and reveal the truth
28   behind that as well.

---
CASE MANAGEMENT STATEMENT Of DEFENDANT UDAY DESHRAJ
Case No.: 3:16-CV-05482-JSC

**8. Discovery**

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

                      A.      Discovery Taken to Date

Both sides have propounded two sets written discovery to each other. Plaintiff has conducted discovery regarding the various online providers regarding the identity of the individual who made the online posts.

                      B.      Scope of Anticipated Discovery

**Plaintiff:**

Deposition of the Defendant.

**Defendant:**

Deposition of the Plaintiff and potential discovery against all the people the Plaintiff identified as having firsthand knowledge of the incident. In spite of my multiple requests the Plaintiffs Attorney hasn't disclosed the pictures in question to the defendant, as part of my deposition documents I requested the original copies of the images so I can have forensic analysis done on them. The defendant may have more discovery that might come up after disclosure of those images

                      C.      Proposed Limitations and Modification to Discovery Rules

At this time, Defendant does not believe it is necessary to limit or modify the discovery rules.

                      D.      Electronic Discovery

The parties anticipate that electronically stored information ("ESI") will comprise a significant portion of the discovery in this action. Even so, the parties anticipate that universe of relevant documents will be sufficiently limited so that it is not necessary to enter into an ESI

stipulation at this time. As any ESI issues arise, the parties will further discuss the procedures for searching for and producing such documents.

E.   Proposed Discovery Plan

Defendant proposes, that the after the depositions the fact discovery remain open for 60 days where he plans to perform discovery on all the witnesses identified by the Plaintiff and perform any further discovery that needs to be done on the Plaintiff regarding the images in question. That Expert Disclosures take place 45 days from the close of fact discovery and that Expert discovery close 45 days from the disclosure date.

F.   Any Identified Discovery Disputes

At this time, the parties do not have any discovery disputes, but Defendant anticipates a dispute regarding Plaintiffs (lack of )responses and her attorneys conduct during the depositions

## 9.  Class Actions

*If a class action, a proposal for how and when the class will be certified.*

N/A.

## 10.  Related Cases

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

N/A.

## 11.  Relief

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

**Plaintiff:**

A.   Defendant requests that Plaintiff comply with this requirement.

**Defendant's Statement:**

    A.    Defendant's attorney's fees pursuant to Penal Code §502 (e)(2), based upon Defendant's actual costs and expenses;

    B.    Costs of suit.

**12.  Settlement and ADR**

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The Court previously referred the matter to ADR three times before and all the three times the Plaintiff had failed to appear. While the Defendant doesn't see value in it, I will willingly comply with whatever the court decides regarding this matter

**13.  Consent to Magistrate Judge For All Purposes**

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*   _X_ YES   ____ NO

Defendant expresses his concern about the numerous, improper, irrelevant untrue and libelous ex parte communications by Plaintiff.

**14.  Other References**

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

Defendant does not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues**

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the*

*presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

At this time, Defendant is not aware of any issues that can be narrowed by agreement or by motion and do not have suggestions to expedite the presentation of evidence.

## 16. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

Defendant does not believe this is the type of case that can be handled under the Expedited Trial Procedure.

## 17. Scheduling

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The parties proposed the following pretrial and trial dates:

| | |
|---|---|
| Deadline to Amend Pleadings | 10/30/2018 |
| Non-Expert Discovery Cutoff | 60 days from completion of depositions |
| Designation of Experts | 45 days from close of fact discovery |
| Designation of Rebuttal Experts | 15 days from Designation of Experts |
| Expert Discovery Cutoff | 45 days from last day to Designate Rebuttal Experts |
| Last Day to File Dispositive Motions | 60 days from close of |

| | Expert Discovery. |
|---|---|
| Pretrial Conference | 60 Days from last day to file dispositive motions |
| Trial | Two weeks from Pretrial Conference. |

## 18. <u>Trial</u>

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

This case will be tried to a jury for all issues properly addressed by a jury. At this time, the parties expect the trial to last between 5-6 days, though fact and expert discovery may affect this length.

## 19. <u>Disclosure of Non-party Interested Entities or Persons</u>

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

<u>Defendant's Statement</u>: Defendant has filed a Certificate of Interested Parties and certifies that other than the named Defendant, there is no such interest to report.

## 20. <u>Professional Conduct</u>

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All parties' counsel certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. <u>Other</u>**

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

Defendant is not aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter at this time.

///

///

///

///

Respectfully Submitted,

DATED: September 24, 2018

By: _____ /s/ Uday Deshraj _____