**Salar Atrizadeh, Esq. (SBN: 255659)**
LAW OFFICES OF SALAR ATRIZADEH
9701 Wilshire Blvd., 10th Floor
Beverly Hills, CA 90212
Telephone: 310-694-3034
Facsimile:  310-694-3057
Email: salar@atrizadeh.com

Attorney for Plaintiff
ARUNASREE SWAPNA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARUNASREE SWAPNA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UDAY KRISHNA DESHRAJ, an individual,<br><br>Defendant. | Case No.: 3:16-cv-05482-JSC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**<br><br>Date: December 20, 2018<br>Time: 9:00 a.m.<br>Crtm: F – 15th Floor |

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I. INTRODUCTION

Plaintiff hereby submits her opposition ("Opposition") to Defendant's Motion to Compel ("Motion") which was filed on November 19, 2018. See Dkt. No. 120. Defendant has brazenly filed the Motion under the presumption that the requested documents either exist or are relevant and subject to discovery. Plaintiff posits that she has submitted all the non-privileged and non-confidential documents that are relevant and discoverable in this legal action. These documents, include, but may not be limited to, declarations, expert reports, and medical records. See Dkt. Nos. 71, et seq., 86, and 88.

First, the declarations consist of the witness testimonies who have personal knowledge of their statements. These declarations were submitted by the witnesses under penalty of perjury and outlined their knowledge of the surrounding facts. The record clearly indicates that all of these witnesses knew the Plaintiff and/or Defendant, and had some form of interaction with them. See Dkt. Nos. 71, et seq., which includes declarations from Abhilash Krishna, Anantha Narayana Ganesh, Aparna Avasarala, Naren Ramakrishnan, Pankaja Anantha Ganesh, Pradeep Kumar Udupi, Sravanth Karteek Chelakari, Srikanth Seethiraju, and Sudhir Kovur.

Second, there are the following expert reports: (1) Financial Damages Report that was prepared by Gregory M. Montagna, CPA. See Dkt. No. 88-1; and (2) Digital Forensics Report that was prepared by Jonathan E. Hochman. See Dkt. No. 88-2. These expert reports were procured in order to provide evidentiary support for Plaintiff's legal action. Now, Defendant is requesting additional privileged and confidential information that is not relevant to the case. Moreover, on February 21, 2018, Plaintiff filed an Administrative Motion to File Under Seal ("Administrative Motion") pursuant to Local Rules 7-11 and 79-5, et seq. See Dkt. No. 72. The Administrative Motion was filed to request the sealing of certain privileged and confidential documents, including, but not limited to, the Plaintiff's explicit pictures. See, e.g.,

Dkt. No. 72-1, which confirms the explicit pictures include Plaintiff's nude and semi-nude pictures.

Third, the medical records consist of Plaintiff's medical reports from hospitals, physicians, and other medical professionals. See Dkt. No. 88-3. The medical records outline Plaintiff's medical history, including, but not limited to, her physical and emotional injuries. The medical records also provide the history for her coccyx injury (a/k/a "tailbone injury") and ensuing post-surgical complication, which has left her partially paralyzed. See Dkt. No. 88-5 and refer to Plaintiff's declaration outlining her testimony.

## II.   PLAINTIFF'S OBJECTIONS

In general, Defendant's requests are overly broad, ambiguous, burdensome, and oppressive. The requests call for documents that are highly-sensitive, confidential, and subject to privacy rights. *Rev. & Tax. Code §§ 19542, 19545*; *Sav-On Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1, 6 (1975); *Brown v. Superior Court*, 71 Cal. App. 3d 141 (1977). There is a fundamental right of privacy regarding confidential financial affairs under the California Constitution, Article 1, Section 1. *Cobb v. Superior Court* (1979) 99 Cal. App. 3d 543, 550; *Civil Code § 3295(*c).

Furthermore, the confidential affairs of third parties may be subject to privacy. *Valley Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652,658. Defendant's requests call for documents protected by the tax return privilege. *Webb v. Standard Oil Co. of Calif*ornia (1957) 499 Cal.2d 509, 513-514. The requests call for documents protected by the attorney-client privilege and/or work product doctrine. *Evidence Code § 954; C.C.P. § 2018.030; Upjohn Co. v. United States*, 449 U.S. 383 (1981); *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47 Cal.App.4th 214.  In addition, the requests call for documents that are subject to trade secret protection. See *Civil Code § 3426, et seq.; Evidence Code § 1060*, et seq.

III.  ARGUMENT

### A. PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL SHOULD BE GRANTED PURSUANT TO THE RULES

#### i. Defendant Had Initially Failed To Properly Meet And Confer Pursuant To The Rules

Defendant had initially failed to properly meet and confer pursuant to the rules. For example, Local Rule 1-5(n) states that:

> "Meet and confer" or "confer" means to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order. Unless these Local Rules otherwise provide or a Judge otherwise orders, such communication may take place by telephone. The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to "meet and confer" or to "confer." Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation.

Moreover, Local Rule 37-1(a) states that:

> The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues. If counsel for the moving party seeks to arrange such a conference and opposing counsel refuses or fails to confer, the Judge may impose an appropriate sanction, which may include an order requiring payment of all reasonable expenses, including attorney's fees, caused by the refusal or failure to confer.

On October 2, 2018, Defendant sent two emails towards Plaintiff's counsel and outlined the requested documents and the reasons why he personally believes they are relevant and discoverable. See Motion, Exhibit "E." On October 3, 2018, Plaintiff's counsel advised Defendant that his emails lack reference to applicable cases or statutes that justify his requests. Plaintiff's counsel also stated that he does not have a problem talking to Defendant about his requests and outlined his available times. Yet, Defendant <u>did not</u> initiate a direct dialogue or discussion either in a face-to-face meeting or telephone conversation. *Soto v. City of Concord* (N.D. CA 1995) 162 FRD 603, 623—must attempt to have a live exchange of ideas and opinions; *Hoelzel v. First Select Corp.* (D. CO 2003) 214 FRD 634, 636—single e-mail

4

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

message not a meaningful meet and confer; *Aponte-Navedo v. Nalco Chemical Co.* (D. PR 2010) 268 FRD 31, 40-41—sending 2 e-mails without conferring in person or by telephone not sufficient.  Also, Defendant <u>did not</u> request judicial intervention pursuant to L.R. 37-1(b). As such, the Court <u>should not</u> entertain the Motion unless Defendant follows the applicable rules. See *F.R.C.P. 37(a)(1)*.

### ii. **Defendant Has Not Met His Burden To Demonstrate Actual And Substantial Prejudice From The Denial of Discovery**

In general, the burden is on the moving party to demonstrate actual and substantial prejudice from the denial of discovery. *In re Sulfuric Acid Antitrust Litig.* (N.D. IL 2005) 231 FRD 331, 333; *Packman v. Chicago Tribune Co.* (7th Cir. 2001) 267 F3d 628, 647—denial of motion not an abuse of discretion "absent a clear showing that the denial of discovery resulted in actual and substantial prejudice" to moving party.

**Defendant's Requests:**

In his Amended Deposition Notice, Defendant outlined the following requests that he believes are relevant and discoverable:

**Request No. 8:** Please provide all documents that provide ownership, registration and financial information (e.g., annual statements, registration records) for the companies that you started from January 1, 2008 until present.

**Request No. 9:** Please provide all documents that provide information about the nature of work done by the companies that you started from January 1, 2008 to present.

**Request No. 10:** Please provide all documents that provide information about ANY or ALL accidents (automobile, work) that you were involved with.

**Request No. 11:** Please provide documents related to ALL court cases filed by you or against you for any of the accidents (automobile, work) that you were involved with.

**Request No. 15:** Please provide EACH and every DOCUMENT that constitutes,

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

reflects, or refers to ANY COMMUNICATION between Defendant and ANY PERSON or entity which YOU contend relates or refers to YOU in ANY way.

**Request No. 20:** Please provide EACH and every DOCUMENT that references, refers to, or relates to in ANY way to the website https://www.fundable.com/finaljusticenowinc.

**Request No. 21:** Please provide EACH and every DOCUMENT that references, refers to, or relates to in ANY way to the corporation Final Justice Now, Inc.

**Request No. 22:** Please provide EACH and every DOCUMENT that references, refers to, or relates to in ANY way to the business entity Final Justice Now.

**Request No. 24:** Please provide ANY and ALL COMMUNICATIONS between YOU and ANY THIRD PARTY during the time of YOUR marriage to Defendant that YOU discuss, mention, reference, refer or relate to whether YOU suffered ANY physical and/or emotional abuse by DEFENDANT.

**Request No. 25:** Please provide ANY and ALL medical documents during the time of YOUR marriage to Defendant that YOU discuss, mention, reference, refer or relate to whether YOU suffered ANY physical and/or emotional abuse by DEFENDANT.

**Request No. 26:** Please provide ALL electronic files in YOUR possession that depict the photographs referenced in YOUR Complaint.

**Request No. 27:** For ALL the people that you provide as testimonies please provide EACH and every DOCUMENT that supports YOUR claim that they have firsthand knowledge of the conduct alleged in YOUR complaint.

**Request No. 28:** For ALL the people that you provide as testimonies please provide EACH and every DOCUMENT that supports YOUR claim that they have firsthand knowledge of the conduct alleged in YOUR complaint.

**Request No. 38:** ANY or ALL DOCUMENTS that substantiate your claim made in YOUR declaration filed with court on 06/26/18 (Docket 99) that YOU travelled to India with

6

the aid of gurney INCLUDING, but not limited to the doctors approval for travel, doctor statements you had sent to the airline, communication with the airline regarding travel under these conditions, medical assistants that travelled with you and their medical credentials

**Plaintiff's Objections/Responses:**

In response to the following requests, Plaintiff stated her objections, and outlined her responses based on the fact that Defendant is seeking information that is neither relevant nor within the scope of discovery:

**Request No. 8-9:** Seek information about Plaintiff's companies, which <u>are not</u> parties to this pending legal action. As such, any documents (e.g., annual statements, registration records) are irrelevant and not within the scope of discovery.

**Request No. 10-11:** Seek information about Plaintiff's previous Motor Vehicle Accidents (collectively referred to "MVAs") which have been already filed on the Court's Docket and shared with Defendant.

**Request No. 15:** Plaintiff has already submitted witness declarations from friends, colleagues, and family members who confirm the allegations. See <u>Compl.</u>, ¶¶ 8, 22, 24, 26. Also, these allegations were confirmed by witnesses. See, e.g., <u>Abhilash Krishna Decl.</u>, ¶ 11, <u>Chelakari Decl.</u>, ¶ 22, <u>Ganesh Decl.</u>, ¶ 10. Therefore, this information has already been shared with Defendant.

**Request No. 20:** Seeks information about a website that he believes yields relevant or discoverable information. Defendants tells the opposing counsel that he needs access to this information to verify the statements the plaintiff made in the "Financial Report" document. He also makes a baseless accusation that "Plaintiff and her Attorney intended to knowingly defraud the court." However, a systematic search in the Financial Report <u>does not</u> result in any reference to https://www.fundable.com/finaljusticenowinc. Therefore, this information is neither relevant nor discoverable.

**Request No. 21:** Seeks information about "Final Justice Now, Inc." and assumes that there is relevant or discoverable corporate information. However, Defendant does not realize that the above-listed entity is not a party to the legal action. Moreover, Defendant has failed to establish any logical connection between this legal entity and the pending lawsuit that would justify discovery.

**Request No. 22:** Seeks information about a business entity named "Final Justice Now" without explaining if it is a different entity listed in the previous request. Defendant is submitting a duplicate request and does not realize that the above-listed entity is not a party to the legal action. Moreover, Defendant has failed to establish any logical connection between this legal entity and the pending lawsuit that would justify discovery.

**Request No. 24:** Seeks information about Plaintiff's communications with third parties during her marriage to Defendant where she discussed the physical and/or emotional abuse by Defendant. In response, Plaintiff listed her objections, and stated that she has provided her medical records that outline her discussions with medical professionals. Defendant has equal access to these documents since they have been filed with the Court Clerk.

**Request No. 25:** Seeks information about Plaintiff's medical records which indicate Plaintiff suffered physical and/or emotional abuse by Defendant. In response, Plaintiff listed her objections, and stated that she has provided the relevant medical records to the Court and Defendant. As such, those documents are equally available to Defendant.

**Request No. 26:** Seeks all electronic files in Plaintiff' possession that depict the photographs referenced in the Complaint. Plaintiff has listed the websites (e.g., Wordpress, Xossip, Xhamster) that published her explicit pictures in the pleadings. See Compl., ¶¶ 39-40. As such, Defendant had the opportunity to review them online and conduct his investigation. For example, Defendant could have issued subpoenas towards the websites to extract personal identifying information. In response, Plaintiff listed her objections, and stated that she is

8

willing to disclose the requested information under seal and/or in the Judge's Chambers in order to avoid further distribution. Any logical and reasonable person should understand that Plaintiff is concerned about her privacy, and does not wish to disclose her explicit pictures to any third party unless there are safety measures.

**Request No. 27:** Defendant is seeking non-sensical or non-existent information in this request by referring to documents that could support Plaintiff's claim that the witnesses have first-hand knowledge of the conduct alleged in the Complaint.  In response, Plaintiff listed her objections, and stated that she has submitted declarations of several witnesses who have already testified they have "first-hand knowledge" of the facts. Plaintiff refers to Dkt. No. 71, et seq., and states that those declarations are sufficient to establish the witnesses' knowledge about the facts outlined in their declarations. Hence, it is clear that Defendant does not understand litigation, and instead of deposing the witnesses, he is seeking non-sensical or non-existent information from Plaintiff.  Also, in the emails to Plaintiff's counsel (dated October 2-3, 2018) Defendant failed to specify the information type (e.g., notes, tapes, videos) in good faith.

**Request No. 28:** Defendant is seeking the same non-sensical or non-existent information in this request by referring to documents that could support Plaintiff's claim that third parties had first-hand knowledge of the conduct alleged in the Complaint.  In his emails to Plaintiff's counsel, Defendant explained that: "Based on chronology of the incidents and the subsequent conduct of the plaintiff and her family, the defendant believes that the Plaintiff and her immediate family were either directly or indirectly involved with the postings. The Defendant doesn't know many of the other people who submitted their testimonies and needs to understand their motivation behind making those slanderous statements."  In response, Plaintiff listed her objections, and stated that she has submitted declarations of several witnesses who have already testified they have "first-hand knowledge" of their allegations.

Plaintiff referred to Dkt. No. 71, et seq. and stated that those declarations are sufficient to establish the witnesses' knowledge about the facts outlined in their declarations.

**Request No. 38:** Seeks information that substantiates Plaintiff's claim that she traveled to India with the aid of a gurney (e.g., doctor's notes or statements). Defendant's email to Plaintiff's counsel explains that: "The conduct of the Plaintiff and her attorney has caused substantial delays in effective administration of justice. The Defendant needs this information to prove yet another instance of Plaintiff and her attorney willfully misleading the court." However, Defendant does not present any evidence to prove the aforesaid point. Moreover, Defendant is operating under the assumption that both Plaintiff and her attorney are willfully misleading the Court. There is no basis for this false allegation. In response, Plaintiff listed her objections, and stated that the requested information violates her privacy rights as the documents may include confidential medical records.

### iii. Plaintiff's Objections to Defendant's Amended Deposition Notice Are Not Evasive Or Incomplete

Plaintiff's objections to Defendant's Amended Deposition Notice are not evasive or incomplete disclosures, answers, or responses and should not be treated as a failure to disclose, answer, or respond. *F.R.C.P. 37(a)(4)*. Plaintiff stated her objections in good faith and pursuant to the rules since the requested documents are privileged and confidential. In addition, Defendant operates under the assumption that such documents exist or are relevant and discoverable. Defendant has not referred to any case law or statutes that could convince the objective fact finder (e.g., judge, jury) that Defendant's requests are legally valid.

## B. PLAINTIFF'S MOTION FOR PROTECTIVE ORDER SHOULD BE GRANTED PURSUANT TO THE RULES

### i. The Court Should Issue A Protective Order To Prevent Disclosure of Privileged and Confidential Information

The Court should issue a protective order pursuant to the rules (e.g., Rules 26 and 37)

to prevent disclosure of privileged and confidential information for the following reasons:

First, Plaintiff's financial and corporate records should be protected since Defendant's requests are improper and objectionable. *Collins v. Wayland*, 139 F.2d 677 (9th Cir.1944), *cert. den*. 322 U.S. 744; *Bourgeois v. El Paso Natural Gas Co*., 20 F.R.D. 358 (S.D.N.Y. 1957); *Loosley v. Stone*, 15 F.R.D. 373 (S.D. Ill. 1954); *Scarlatos v. Kulukundis*, 21 F.R.D. 185 (S.D.N.Y. 1957); *Ross v. True Temper Corp*., 11 F.R.D 307 (N.D. Ohio 1951). Plaintiff's financial records are highly-sensitive and private. *Cobb v. Superior Court* (1979) 99 Cal. App. 3d 543, 550; *Civil Code § 3295(*c). Also, they constitute trade secrets or other confidential commercial information, and as such, are immune against disclosure. *Covey Oil Co. v. Continental Oil Co*., 340 F.2d 993 (10th Cir. 1965); *Julius M. Ames Co. v. Bostitch, Inc*., 235 F. Supp. 856 (S.D.N.Y. 1964).

Second, Plaintiff's communications with legal counsel, consultants, or experts are privileged and confidential. See *F.R.E. 502*. Moreover, the requested investigative documents (e.g., reports, subpoenas) are subject to the work-product protection pursuant to Rule 502 of the Federal Rules of Evidence. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 662 (3d Cir. 2003) ("work product protection extends to both tangible and intangible work product"); *Domingo v. Donahoe*, 2013 WL 4040091, *6 (N.D. Cal. Aug. 7, 2013). Defendant's Request No. 24 seems to refer to privileged and confidential communications with third parties, which may include Plaintiff's legal counsel, consultants, or experts.

Third, Plaintiff's medical records are private and confidential pursuant to the Health Information Portability and Accountability Act ("HIPAA") and Confidentiality of Medical Information Act ("CMIA"). See *42 U.S.C. § 1320d-6; Civil Code § 56. et seq.* As such, these statutes prohibit the disclosure of medical information regarding a patient, enrollee, or subscriber without first obtaining an authorization.

Fourth, Plaintiff's explicit pictures (i.e., nude/semi-nude photographs) are subject to a

protective order. These pictures are personal and private, and if they fall into the wrong hands again, they will expose Plaintiff to unwarranted annoyance, embarrassment, oppression, or undue burden or expense. See *F.R.C.P. 26(c)(1)*. They should not be disclosed to Defendant absent a protective order. See *F.R.C.P. 37(a)(5)(B)*, which states in relevant part that:

> … the Court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees…

It is obvious these pictures are explicit in nature and can potentially expose Plaintiff to unwarranted annoyance, embarrassment, oppression, or undue burden or expense. Therefore, Plaintiff's nondisclosures, responses, or objections were substantially justified, and as such, she is entitled to some form of protective order. See *F.R.C.P. 37(a)(5)(A)(ii)-(iii)*. Thus, based on the current situation, this Court should carefully consider and apply the protective measures outlined under Rule 26, subsection (c)(1)(A)-(H).

### ii. **Plaintiff Has In Good Faith Conferred Or Attempted To Confer With Defendant In An Effort To Resolve The Dispute Without Court Action**

Plaintiff hereby certifies, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that she has in good faith conferred or attempted to confer with Defendant in an effort to resolve the dispute without court action.

In fact, on or about October 2-3, 2018, and several other days thereafter, on November 15, 2018, the parties submitted several correspondences in order to meet and confer and resolve the discovery issues without judicial intervention. Plaintiff's counsel informed Defendant that he was available to speak with him about Defendant's discovery requests and provided available dates and times. However, the parties were not able to stipulate, or otherwise agree on the issues, which has caused the parties to file their respective documents and request judicial intervention.

## IV. CONCLUSION

Based on the foregoing, Defendant's Motion should be denied with prejudice. Also, Plaintiff respectfully requests from this Honorable Court to issue a protective order pursuant to the applicable rules.

Dated: December 3, 2018                **LAW OFFICES OF SALAR ATRIZADEH**

By:   /s/ Salar Atrizadeh
      SALAR ATRIZADEH, ESQ.
      Attorney for Plaintiff
      ARUNASREE SWAPNA