UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ARUNASREE SWAPNA, | Case No.16-cv-05482-JSC |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S NOTICE OF SUBSTITUTION** |
| UDAY KRISHNA DESHRAJ, | Re: Dkt. No. 125 |
| Defendant. | |

The Court is in receipt of Plaintiff's Notice of Substitution of herself appearing pro se for her counsel Salar Atrizadeh. (Dkt. No. 125.)

In this District, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civil Local Rule 11–5(b). The decision to permit withdrawal of counsel is within the trial court's discretion. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). When considering motions to withdraw, "the consent of the client is not dispositive." *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010). Rather, courts consider (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case. *See Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010). "Ultimately, a ruling on a motion to withdraw must involve a balancing of the equities." *Robinson*, 2010 WL 3259384, at *2 (internal citation and quotation marks omitted). In this District, courts also consider the standards of professional conduct required of members of the State Bar of California when determining whether counsel may withdraw representation. *See, e.g.*, *U.A. Local*

*342 Joint Labor–Mgmt. Comm. v. So. City Refrigeration, Inc.*, No. 09–3219, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010); *Cal. Native Plant Soc'y v. U.S. EPA*, No. 06–3604, 2008 WL 4911162, at *1 (N.D. Cal. Nov. 14, 2008).

Accordingly, Plaintiff's Notice of Substitution is DENIED. Salar Atrizadeh remains as counsel of record for Plaintiff.

As previously ordered, both parties and Plaintiff's counsel must appear in person at the Settlement Conference on December 12, 2018 at 10:00 a.m. in Courtroom A, 450 Golden Gate Ave., San Francisco, California. If Plaintiff fails to personally attend the settlement conference, the Court may dismiss this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

This Order disposes of Docket No. 125.

**IT IS SO ORDERED.**

Dated: December 6, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2