UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARUNASREE SWAPNA,<br><br>Plaintiff,<br><br>v.<br><br>UDAY KRISHNA DESHRAJ,<br><br>Defendant. | Case No.16-cv-05482-JSC<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

Plaintiff Arunasree Swapna filed this action in September 2016 alleging state law privacy and tort claims against her ex-husband Defendant Uday Krishna Deshraj. Over the two and a half years that this case has been pending, there have been numerous delays largely as a result of Plaintiff's failure to comply with the Court's orders and failure to prosecute this action. Because Plaintiff has failed to substantively respond to the Court's most recent Order to Show Cause and refuses to prosecute this action, the Court DISMISSES the case for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

## BACKGROUND

Plaintiff alleges that during their marriage Defendant took intimate photographs of her without her consent. (Complaint at ¶¶ 30-33.) After their acrimonious divorce, Defendant uploaded these photographs to the internet including to a Wordpress blog that he created in Plaintiff's name. (*Id*. at ¶¶ 39-41.) Plaintiff discovered the blog and photographs in November 2015. (*Id*. at ¶ 42.) Plaintiff alleges that the publication of these photographs online has caused her severe harm, emotional distress, and impeded her ability to maintain employment. (*Id*. at ¶ 45.)

In September 2016, Plaintiff filed this action alleging claims for (1) violation of California

1   Civil Code § 1708.85; (2) invasion of privacy; (3) intentional infliction of emotional distress; and

2   (4) violation of California Penal Code § 528.5.  (Dkt. No. 1.)  Although Plaintiff was initially

3   represented by counsel, the Court granted her counsel's motion to withdraw on July 11, 2017.  (Dkt.

4   No. 33.)  Following Plaintiff's counsel's withdrawal, the Court held several case management

5   conferences and issued multiple orders in an effort to resolve outstanding discovery issues.  (Dkt. Nos.

6   44, 45, 47, 50, 51.)  Ultimately, on August 17, 2017, the Court held a case management conference at

7   which dates for the parties' depositions in the Court's jury room were set, and a schedule was set for

8   the parties' responses to all outstanding discovery.  (Dkt. No. 51.)  The Court also referred the parties

9   for a Settlement Conference before Magistrate Judge James at her earliest convenience. (Dkt. No. 51.)

10        The Settlement Conference was subsequently set for October 25, 2017. (Dkt. No. 52.)

11   Defendant's counsel thereafter moved to withdraw because Defendant wished to represent himself.

12   (Dkt. No. 55.)  The Court granted the motion and at the parties' request reset the parties' depositions to

13   occur after the Settlement Conference.  (Dkt. Nos. 56 & 57.)  Defendant then filed a motion to dismiss

14   and for summary judgment.  (Dkt. No. 59.)  Because the parties had previously agreed to have

15   dispositive motions heard after their Settlement Conference, the Court vacated the hearing date and

16   ordered that the briefing schedule would be reset if necessary following the Settlement Conference.

17   (Dkt. No. 61.)

18        On October 23, 2017, Plaintiff notified Judge James that she would not appear for her

19   Settlement Conference scheduled for October 25. (Dkt. No. 63.) Judge James issued an order

20   continuing the Settlement Conference to February 6, 2018. (*Id*.) The court stated in relevant part:

> Plaintiff is ORDERED by the Court to appear for the Settlement Conference on February 6, 2018. She will not be excused. Plaintiff does not have counsel and the settlement cannot go forward without her presence. If Plaintiff does not appear at the Settlement Conference, in person, the Court shall issue an Order to Show.

24   (*Id.*)

25        On February 6, 2018, Defendant appeared for the Settlement Conference, but Plaintiff did not

26   do so despite the Court's order that she appear in person. (Dkt. Nos.  63, 65.)  The Court thus issued an

27   order to show cause as to why this action should not be dismissed and why Plaintiff should not

28   otherwise be sanctioned for her failure to appear at the mandatory Settlement Conference.  (Dkt. No.

66.) Defendant was ordered to submit a statement detailing his expenses, if any, for appearing at the February 6, 2018 settlement conference, which he did. (*Id.*; Dkt. No. 70.) A week later, attorney Amir Salar Atrizadeh entered an appearance on Plaintiff's behalf. (Dkt. No. 68.) Plaintiff thereafter filed a a declaration in response to the Order to Show Cause, as well as a response to Defendant's motion to dismiss and for summary judgment accompanied by numerous declarations as well as an administrative motion to seal, and an ex parte application to continue the trial date. (Dkt. Nos. 71, 72, 73, 74, 75, 76.)

On March 2, 2018, the Court issued an order requiring Plaintiff to pay Defendant's expenses for the Settlement Conference she failed to appear for, requiring the parties to complete written discovery, and provide deposition dates. (Dkt. No. 80.) The Court thereafter scheduled the parties' depositions to occur in the Court's jury room on July 10 and 11, 2018. (Dkt. No. 85.) Plaintiff then filed a motion seeking leave to conduct the depositions by written question because since the date of the Court's Order scheduling the depositions she had traveled to India to seek medical care and did not expect to return until September 2018. (Dkt. No. 90.) The Court denied Plaintiff's request and noted that at a minimum her counsel could make arrangements for the deposition to occur via videoconference. (Dkt. No. 93.) Two days later, Plaintiff again filed a motion seeking leave to conduct the depositions by written question which the Court again denied. (Dkt. No. 98.) However, because Plaintiff attested under penalty of perjury that she was under a disability and precluded from traveling until September, the Court reset the parties' depositions to occur on October 9 and 10, 2018; again, in the Court's jury room. (*Id.*)

Both parties appeared in person for their depositions and the Court held a Case Management Conference on October 10, 2018, after the conclusion of the final deposition. (Dkt. No. 108.) The Court referred the parties to Magistrate Judge Hixson for a mandatory Settlement Conference. (*Id.*) Judge Hixson thereafter ordered the parties to appear in person for a Settlement Conference on December 12, 2018. (Dkt. Nos. 109, 117.) The Court denied Plaintiff's subsequent request to postpone the Settlement Conference (based on the fact that she had again traveled to India for medical care despite a Court order requiring her appearance at the Settlement Conference). (Dkt. No. 122.) A week later, Plaintiff filed a notice of substitution of herself

1   appearing pro se for her counsel Salar Atrizadeh, which the Court denied. (Dkt. Nos. 125, 126.)

2         On December 12, 2018, Plaintiff's counsel and Defendant appeared in person for the
3   Settlement Conference, but Plaintiff did not. (Dkt. No. 127.) Judge Hixson then ordered a further
4   Settlement Conference for December 21, 2018 and required Plaintiff to appear in person
5   (Plaintiff's counsel and Defendant were permitted to appear telephonically). (*Id*.) Plaintiff again
6   failed to appear for the Settlement Conference. (Dkt. Nos. 132; 133.)  The Court thus ordered
7   Plaintiff to show cause as to why this action should not be dismissed for failure to prosecute under
8   Federal Rule of Civil Procedure 41(b) based on her repeated failure to comply with the Court's
9   orders and attend the mandatory Settlement Conference.  (Dkt. No. 135.)  The Court also ordered
10  Defendant to submit a statement of costs for attending the December 12 Settlement Conference.
11  (*Id*.)  Plaintiff thereafter filed a document which was docketed as "Response to Order to Show
12  Cause," but is titled "Declaration of Arunasree Swapna" wherein Plaintiff details her claims
13  against Defendant and seeks monetary relief, but does not substantively respond to the Court's
14  Order to Show Cause. (Dkt. No. 135.)  Defendant for his part has submitted a statement showing
15  that he incurred $364.88 in fees in attending the Settlement Conference.  (Dkt. No. 136.)

**DISCUSSION**

17        Pursuant to Federal Rule of Civil Procedure 41(b), the court may dismiss an action for
18  failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v.*
19  *U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may *sua sponte*
20  dismiss an action pursuant to Rule 41(b)).  "A Rule 41(b) dismissal must be supported by a
21  showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010)
22  (internal citation and quotation marks omitted).  In determining whether a Rule 41(b) dismissal is
23  appropriate, the court must weigh the following factors:  "(1) the public's interest in expeditious
24  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
25  defendants; (4) the public policy favoring disposition of cases on their merits and (5) the
26  availability of less drastic sanctions." *Id*. (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423
27  (9th Cir.1986)). Dismissal is appropriate "where at least four factors support dismissal . . . or
28  where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d

4

393, 399 (9th Cir. 1998) (internal citation and quotation marks omitted).

Here, four of the five *Henderson* factors weigh in favor of dismissal. "The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). Throughout this litigation, Plaintiff has failed to comply with Court orders, failed to appear for mandatory settlement conferences, and failed to diligently prosecute this action, all of which have delayed the prosecution of this action. (Dkt. Nos. 66, 80, 85, 93, 98.) Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other ... criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

As for the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal," the delay caused by Plaintiff's failure to prosecute this action despite the Court's orders weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999).

The fourth factor is the availability of less drastic sanctions. The Court already cautioned Plaintiff that failure to respond would result in dismissal of this action. (Dkt. Nos. 66, 80, 85, 93, 98, 126, 134.) Thus, the Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions] requirement."). The Court also considers the strength of a plaintiff's case, if such information is available, because the harshness of a dismissal is directly proportionate to the likelihood that the plaintiff would prevail if permitted to go forward. *See McHenry v. Renne*, 84 F.3d 1172, 1178-79 (9th Cir. 1996). Here, Plaintiff's claims are based on her allegation that Defendant took intimate photographs of her without her consent and then uploaded these photos to the internet. Although the Court has not ruled on Plaintiff's pending motion for summary judgment, the Court has reviewed the papers and notes that Plaintiff's argument that Defendant posted the photos is based on the theory that it would not

make sense for Plaintiff to have posted them herself, rather than evidence that he did post the photographs. (Dkt. No. 118 at 9:26-28.[1]) Notably, the attached report from Plaintiff's forensic expert attests that he "did not attempt to determine the identity of the person who posted the Private Photographs." (Dkt. No. 118 at 44.) While the Court is not ruling on the motion for summary judgment, the Court questions whether Plaintiff could prevail on this theory given that where the party moving for summary judgment would bear the burden of proof at trial on a particular claim, "it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal quotation marks and citation omitted). "[T]he moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case. Once the moving party comes forward with sufficient evidence, the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense." *Id.* (internal quotation marks and citation omitted). Based on the evidence submitted with Plaintiff's motion for summary judgment, the Court has concerns regarding the viability of Plaintiff's claims.

The last factor, which favors disposition on the merits, by definition weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).

## CONCLUSION

For the reasons stated above, this action is DISMISSED WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 41(b) due to Plaintiff's failure to obey court orders, failure to attend mandatory settlement conferences, and failure to prosecute this case.

Plaintiff is also ORDERED to pay Defendant's costs of $364.88 as a sanction for her

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

failure to appear in person at the December 12, 2018 Settlement Conference. Plaintiff shall do so by February 18, 2019.

**IT IS SO ORDERED.**

Dated: January 16, 2019

*Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States Magistrate Judge